AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## MIDDLE for the FLORIDA
## OCALA DIVISION

COURTNEY OMAR BOYD
*Petitioner*

v.

Case No. 5:22-cv-153-WWB-PRL
*(Supplied by Clerk of Court)*

WARDEN - COLEMAN LOW
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: COURTNEY DEAN BOYNE
   (b) Other names you have used: COURTNEY BOYD

2. Place of confinement:
   (a) Name of institution: FCC-COLEMAN- LOW
   (b) Address: POB 1031
      Coleman, Florida 33521-1031
   (c) Your identification number: 47952-004

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ☒ Being held on an immigration charge
   ☐ Other *(explain)*: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☒ Immigration detention

   ☒ Detainer

   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:  Eastern District of Virginia Norfolk Division

   (b) Docket number, case number, or opinion number:  4:06-CR-5

   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):  Removal of Detainer and Granting of Citizenship in US.

   (d) Date of the decision or action:  December 07, 2007.

## Your Earlier Challenges of the Decision or Action

7. First appeal

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes            ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:  N/A

   (2) Date of filing:  N/A

   (3) Docket number, case number, or opinion number:  N/A

   (4) Result:  N/A

   (5) Date of result:  N/A

   (6) Issues raised:  N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: N/A

8. Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☐ Yes   ☒ No

(a) If "Yes," provide:
  (1) Name of the authority, agency, or court: N/A
  (2) Date of filing: N/A
  (3) Docket number, case number, or opinion number: N/A
  (4) Result: N/A
  (5) Date of result: N/A
  (6) Issues raised: N/A

(b) If you answered "No," explain why you did not file a second appeal: N/A

9. Third appeal

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes   ☒ No

(a) If "Yes," provide:
  (1) Name of the authority, agency, or court: N/A
  (2) Date of filing: N/A
  (3) Docket number, case number, or opinion number: N/A
  (4) Result: N/A
  (5) Date of result: N/A
  (6) Issues raised: N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (b) If you answered "No," explain why you did not file a third appeal:   N/A

10.   Motion under 28 U.S.C. § 2255

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☐ Yes     ☒ No

    If "Yes," answer the following:

    (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes     ☒ No

        If "Yes," provide:

        (1) Name of court:   N/A
        (2) Case number:   N/A
        (3) Date of filing:   N/A
        (4) Result:   N/A
        (5) Date of result:   N/A
        (6) Issues raised:   N/A

    (b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

        ☐ Yes     ☒ No

        If "Yes," provide:

        (1) Name of court:   N/A
        (2) Case number:   N/A
        (3) Date of filing:   N/A
        (4) Result:   N/A
        (5) Date of result:   N/A
        (6) Issues raised:   N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:    N/A

11.    Appeals of immigration proceedings
      Does this case concern immigration proceedings?
      ☒ Yes       ☐ No

Yes this case does concern immigration proceedings because the Bureau of Prisons placed an immigration hold on Petitioner without Petitioner being taken into immigration custody violating Petitioner's due. **See Statement of facts**

      If "Yes," provide:
    (a)    Date you were taken into immigration custody:
    (b)    Date of the removal or reinstatement order:
    (c)    Did you file an appeal with the Board of Immigration Appeals?
        ☐ Yes       ☒ No
        If "Yes," provide:
        (1) Date of filing:    N/A
        (2) Case number:    N/A
        (3) Result:    N/A
        (4) Date of result:    N/A
        (5) Issues raised:    N/A

    (d)    Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes       ☒ No
        If "Yes," provide:
        (1) Name of court:    N/A
        (2) Date of filing:    N/A
        (3) Case number:    N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: N/A
    (5) Date of result: N/A
    (6) Issues raised: N/A

12. Other appeals

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes     ☒ No

If "Yes," provide:
(a) Kind of petition, motion, or application: N/A
(b) Name of the authority, agency, or court: N/A

(c) Date of filing: N/A
(d) Docket number, case number, or opinion number: N/A
(e) Result: N/A
(f) Date of result: N/A
(g) Issues raised: N/A

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:     Please See Attached Memorandum of Law.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Please See Attached Memorandum of Law.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☒ No

GROUND TWO:   N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☒ No

GROUND THREE:   N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☒ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: _____N/A_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____N/A_____

Request for Relief

15. State exactly what you want the court to do: Grant relief based on Qualification as a Citizen prior to when I was arrested. Remove Detainer lodged against Petitioner issued by the BOP. Petitoner wants to be clear immigration never lodged a detainer against Petitioner.

Page 9 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: 

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: March, 17 2022          _____
                                Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Page 10 of 10

## STATEMENT OF FACTS

On September 21, 2006, Petitioner was arrested for a drug Conspiracy. On December 7, 2007, Petitioner was sentence to a term of 360 months imprisonment for the drug Conspiracy. April 16, 2016, the Bureau of Prisons placed an immigration hold on Petitioner. **See Exhibit # 1 (Detainer Action Letter).** Petitioner in this case has never been taken into immigration custody. Therefore, the Bureau of Prisons violated Petitioner's due process rights by placing the hold on Petitioner without first seeing what his status was at an immigration hearing. Petitioner in this case was granted citizenship on or around about the year of 2004. After Petitioner was granted citizenship he was advised that he would receive a date for swearing in, but instead Petitioner received a letter of denial because of a law that at the time did not apply to Petitioner in violation of due process.

## MEMORANDUM OF LAW

COMES NOW, Petitioner, Courtney Boyne, who is in Federal Custody in FCC-Coleman- Low with an Immigration Detainer lodged against Petitioner by the Bureau of Prisons.

## PROCEDURAL HISTORY

Petitioner arrived in the United States prior to the enactment of the A.E.D.P.A. Petitioner applied for citizenship in 2004. Petitioner was granted citizenship (See A-file). Pursuant to 8 U.S.C. 101(A)(22) Petitioner is a national of the United States, based on the following facts:

Petitioner applied and was granted citizenship 8 U.S.C. 101(A)(22) or (b) states: A person who, though not a citizen of the United States owes permanent allegiance to the United States, it may be possible to argue that an individual as a National if the individual has previously taken formal steps to declare allegiance to the United States. See United States v. Morin, 80 F.3d 124 (4th Cir. 1996)(finding that an individual was a U.S. National). See also, Hughes v. Ashcroft, 255 F.3d 752 (9th Cir. 2001), and Oliver v. INS, 517 F.2d 426 (2d Cir. 1975)(cases reflecting Nationality Claims, but leaving open the possibility that the result might have been different had the Petitioner in each case previously begun the process of applying for U.S. Citizenship.

Here, Petitioner applied for Citizenship, which was granted. Klapprott v. U.S., 335 U.S. 601 (1949). Petitioner was already

convicted of an offense that did not qualify for the purpose of an AF, based on the fact the offense occurred prior to October, 1994. Petitioner's Citizenship Application would not even have been accepted, processed, and granted if he was ineligible. Petitioner's offense occurred prior to IIIRRA & AEDPA came into effect, therefore, the offense used for a denial is in error. <u>United States v. Ubaldo Figueroa,</u> 347 F.3d 718 (9th Cir. 2003). "A conviction does not meet the definition of AF (Aggravated Felony), where the conviction was not an AF at the time of conviction."

Petitioner's issue is the denial of his hearing, which violated his fundamental due process rights. <u>Wong Wing v. U.S.,</u> 163 U.S. 228 (1896). "Aliens within the territory of the United States are entitled to the protection of the 5th and 6th Amendments of the Federal Constitution regulating procedures in criminal cases." Petitioner was never given the opportunity to. Petitioner, who is in Federal custody with an Immigration Detainer lodged against him, 2241 gives Petitioner jurisdiction. <u>James v. DA York County,</u> 594 Fed.Appx. 66. "A Federal District Court has jurisdiction to hear a Petition filed pursuant to 2241 only if Petitioner is 'in custody'". <u>Maleng v. Cook,</u> 490 U.S. 488 (1989).

Petitioner requests based on facts contained in his A-file, he is eligible to have the Detainer removed. <u>Rivers v. Roadway Express</u> (1994), 511 U.S. 298. His Citizenship Application was granted, then when he went to swear in it was denied. Petitioner request that his Citizenship status become renewed and Detainer removed.

On Petitioner's third interview for Citizenship, he was finally granted Citizenship, and was told that he would receive the package in the mail with the Date of Swearing in, but, instead he received a Letter of Denial.

Movant request that his Citizenship be reinstated.

Respectfully Submitted,

_____
Movant Courtney Dean Boyne
#47952-004, FCC-COLEMAN- Low
POB 1032, COLEMAN, FLORIDA 33521-1032

BP-S394.058 **DETAINER ACTION LETTER** CDFRM
MAR 03
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To:<br>BICE<br>9495 DELEGATES DRIVE<br>ORLANDO, FL 32837 | Institution: FCC Coleman LOW<br>P.O. Box 1021<br>Coleman, Florida 33521 | |
|---|---|---|
| | Date   APRIL 29, 2016 | |
| Case/Dkt: NONE | Inmate's Name<br>BOYD, COURTNEY OMAR<br><br>**PROJECTED RELEASE DATE:**<br>11-09-2032 | Fed Reg No.<br>47952-004 | DOB/SEX<br>02-18-67<br>B/M |
| ALIAS: | Other No. | |

The below checked paragraph relates to the above named inmate:

O   A detainer has been filed against this subject in your favor charging <u>POSSIBLE DEPORTATION, CITIZEN OF JAMAICA</u>. Release is tentatively scheduled for **11-09-2032**, however, we will notify you no later than 60 days prior to actual release. To check on an inmate's location, you may call our National Locator Center at: 202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.

                                              Sincerely,

                                              S. Garland, CSO

                                              FOR: M. Rodgers, SCSS

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section 1); Copy - Correctional Services Department

(This form may be replicated via WP)                    (Replaces BP-394(58) dtd FEB 1994)

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL®**

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*

USPS TRACKING #

9114 9022 0078 9313 9063 21

Label 400 Jan. 2013
7690-16-000-7948

Oct 2018
1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP


see Rev. side

SCREENED BY USMS

POSTAL SERVICE®
1006
34475
$0.00
R2305K139876-09

FROM:
Courtney Olan Boyd #48352
Federal Correctional Complex LO
P.O. Box 1031
Coleman, FL 33521

TO:
Clerk office
207 Northwest
Second Street
Ocala, FL 34475
Middle District Court


